UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                       PLAINTIFF

vs.                                              CIVIL NO.  3:24-cv-105-GHD-JMV

MONIES CREDITED TO FIRST NATIONAL
BANK CHECKING ACCOUNT ENDING 2095                              DEFENDANT

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Comes now the United States of America, Plaintiff in the above styled cause, by and through its undersigned United States Attorney for the Northern District of Mississippi, and brings this Verified Complaint for Forfeiture In Rem and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### Nature of the Action

1. This is an action to forfeit and condemn property to the United States pursuant to 18 U.S.C. §981 for violations of 18 U.S.C. § 1343 (wire fraud) and/or 18 U.S.C. §§ 1956, 1957 (money laundering).

### The Defendant in Rem

2. The defendant property is specifically identified as follows:

   **All monies credited to First National Bank Checking Account ending 2095.**

3. The defendant property has not been seized and is currently in the possession of First National Bank ("FNB") of Oxford, Mississippi. The United States will request that a Warrant of Arrest in rem issue to allow the United States to seize and retain possession of the defendant property.

**Jurisdiction and Venue**

4. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. §981.

5. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. 1355(b)(1)(A).

6. Venue is proper in this district because the defendant property is located within this district and/or because the acts or omissions giving rise to the forfeiture occurred in this district.

**Basis for Forfeiture**

7. The defendant property is subject to forfeiture pursuant to pursuant to 18 U.S.C. §981 because it constitutes personal property that represents or is traceable to the gross receipts obtained, directly or indirectly, from violations of 18 U.S.C. § 1343 (wire fraud). Additionally, or in the alternative, the property constitutes property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering).

**Facts**

8. FNB checking account ending 2095 was opened on or about May 18, 2023, by James Taylor-Brown. The account is held in Brown's name only. From the time the account was opened and continuing through late March 2024, the account has received numerous electronic transfers of funds from various sources. Financial records reveal that during this time-period, the account has received electronic transfers totaling in excess of $265,000.00. In late March 2024, FNB placed an administrative hold on FNB checking account ending 2095 due to suspected fraudulent activity.

9. On April 12, 2024, Brown voluntarily participated in an interview at the U.S. Attorney's Office in Oxford, Mississippi, with the undersigned Assistant U.S. Attorney and a Special Agent of the United States Secret Service. Brown advised that he is retired and that his only

sources of income consist of social security payments and wages earned from a part-time job with a security company in Oxford, MS.

10. Brown advised that he has a fiancé currently living in Ghana, Africa. According to Brown, he met his fiancé on a dating app online, they met one time in person, and only communicate through text messages. Brown believes his fiancé is currently living in Ghana for the purpose of handling estate matters for her late father, which also involve a real estate investment venture. According to Brown, his fiancé plans to return to the United States after completing her business dealings in Ghana.

11. With respect to the large amount of transfers posting to his account, Brown advised that he was told by his fiancé that the payments are from business partners located in the United States and are related to the real estate investment venture in Ghana. Brown denied any personal ownership of any of the funds having passed through, and those still credited to, FNB checking account ending 2095.

12. Brown advised that after deposits post to his account, he routinely withdraws cash in amounts up to $5,000.00 from the FNB account and deposits the cash at a Cryptocurrency ATM located at a convenience store in Oxford, MS. Brown advised that each time he made a cash deposit he utilized a QR code provided to him by his fiancé in order to deposit the cash to her crypto account. Brown was unable to provide a figure of the total amount of deposits he made at the ATM.

13. During the interview, Brown confirmed that he originally had some suspicion concerning the large amount of funds he was receiving and converting to cryptocurrency on behalf of his fiancé. However, Brown advised that he was assured that the funds were legitimate despite having no knowledge of the actual source of the funds he was receiving. Brown thought he was being helpful to his fiancé and that his assistance would help her return to the United States. Brown confirmed that he claimed no ownership of the funds and that any hold or seizure of the funds

would not present him with any undue hardship as he keeps his personal funds in a separate account.

### Allegations and Prayer for Relief

14. The United States alleges that monies contained within the account identified herein are subject to seizure and forfeiture to the United States as the proceeds of wire fraud violations and/or property involved in money laundering offenses. Based on the investigation thus far, the deposits to FNB checking account ending 2095 do not appear to the proceeds of any legitimate business. The United States alleges that Brown, and FNB checking account ending 2095, are being used as a conduit to move illegitimate funds and convert them to cryptocurrency. Based on the facts alleged herein, the United States believes that probable cause exists to believe that monies credited to FNB checking account ending 2095 are subject to seizure and forfeiture by the United States.

15. The United States alleges that the provisions of 18 U.S.C. § 984 are applicable to this proceeding making all monies deposited into FNB checking account ending 2095 subject to seizure and forfeiture to the United States.

16. Based on the foregoing, Plaintiff alleges that the Defendant property identified herein is subject to forfeiture pursuant to 18 U.S.C. § 981.

17. That pursuant to the provisions of 18 U.S.C. § 981(f), all right, title and interest in the defendant property vested in the United States of America upon commission of the act giving rise to forfeiture.

WHEREFORE, Premises considered, Plaintiff prays as follows:

(1) That a Warrant of Arrest in rem issue to allow the United States to seize and/or retain possession of the defendant property;

(2) That notice issue according to the normal procedure of this Court and in accordance with 18 U.S.C § 983(a)(4)(A);

(3)  That judgment of forfeiture be decreed against the defendant property;

(4)  That upon judgment of forfeiture, the United States be permitted to dispose of the defendant property in accordance with law;

(5)  For costs and for such other further relief to which Plaintiff may be justly entitled

        Respectfully submitted,

        CLAY JOYNER
        United States Attorney

By:    SAMUEL D. WRIGHT
        Assistant United States Attorney
        Mississippi Bar No. 101425
        900 Jefferson Avenue
        Oxford, Mississippi 38655-3608
        Telephone: (662) 234-3351
        Fax: (662) 234-3318
        Samuel.Wright@usdoj.gov

## **VERIFICATION**

I, Aaron Frazier, hereby verify and declare under penalty of perjury that I am a Special Agent of the United States Secret Service, and that I have read the foregoing *Verified Complaint For Forfeiture In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the United States Secret Service.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: April 18, 2024

/s/ AARON FRAZIER
Special Agent
United States Secret Service